UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED PET GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV01053 AGF |
| | ) | |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff United Pet Group, Inc., ("UPG") for leave to take expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) prior to the Rule 26(f) conference in this case. For the reasons set forth below, the motion shall be granted.

**Background**

In this action Plaintiff alleges that an unspecified number of John Doe Defendants unlawfully distributed and sold counterfeit products and/or packaging using UPG's FURminator trademarks and logos ("FURminator Marks") on various websites including Amazon.com. Plaintiff asserts that Defendants have taken affirmative steps to hide their identities by registering seller accounts with Amazon.com and possibly other like entities under false names and addresses. Plaintiff has requested but Amazon.com has refused to voluntarily provide additional information to permit Plaintiff to identify the Defendants. Plaintiff states, upon information and belief, that Amazon.com and other like entities maintain records from which Plaintiff will be able to learn Defendants' identity.

Plaintiff seeks an order for expedited discovery to attempt to identify Defendants' identity by serving Rule 45 subpoenas on Amazon.com and other third parties that have had contact with Defendants to obtain information sufficient to determine the identities of the John Doe Defendants.  Plaintiff asserts that good cause exists for expedited discovery because this information is crucial to the prosecution of Plaintiff's claims and no other reasonable means exist to identify Defendants.

### Discussion

The Federal Rules of Civil Procedure permit courts to order discovery on an expedited basis.  *See* Fed. R. Civ. P. 26(d)(1) (stating that "a party may not seek discovery from any source before parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order").  Expedited discovery can be granted when the party seeking discovery establishes good cause, i.e., that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to a responding party.  *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Courts have allowed expedited discovery in cases, such as this one, when the identity of the infringing defendant is masked by the defendants' use of technology or third parties to hide their true identities.  *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1  (D.D.C. 2007).

Here, Plaintiff has demonstrated good cause because it has shown potential irreparable harm from infringement, no prejudice to Defendants, and limited availability of the information sought.  *See Arista Records, L.L.C. v. Does 1-54*, No. 4:08-CV-1289 (CEJ), 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference is **GRANTED**.  (Doc. No. 3.)

**IT IS FURTHER ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas on Amazon.com and other like entities to obtain information necessary to identify the Doe Defendants herein.  The subpoenas shall have a copy of this Memorandum and Order attached.  Plaintiff shall have 30 days from the date of this Memorandum and Order to serve the subpoenas.

**IT IS FURTHER ORDERED** that the recipients of the subpoenas, including Amazon.com will have 45 days from the date of service of the Rule 45 subpoena upon them to serve the relevant Does with a copy of the subpoena and a copy of this Memorandum and Order.  Amazon.com and any other recipients of the subpoenas may serve the Does using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that the Doe Defendants shall have 45 days from the date of service of the Rule 45 subpoena and this Memorandum and Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.

Should any Doe file a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, that specific Doe's information will be withheld from Plaintiff until after the Court rules on that Doe's motion.

**IT IS FURTHER ORDERED** that all other information requested by the subpoena at issue (e.g., contact information for any non-moving Does) can be produced to Plaintiff.  Amazon.com and other recipients of the subpoenas may not turn over Defendants' identifying information to Plaintiff before the expiration of the 45-day period within which Defendants shall have to contest a subpoena.  In addition, if a Defendant or recipient of a subpoena such as Amazon.com files a motion contesting a subpoena, the moving entity may not turn over the moving Doe's information to Plaintiff until the issues have been addressed and the Court issues an order instructing that entity to resume turning over the requested discovery.

**IT IS FURTHER ORDERED** that Amazon.com and the other subpoenaed entities shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion.

**IT IS FURTHER ORDERED** that if the 45-day period lapses without a Doe Defendant or the subpoenaed entity from contesting the subpoena, that entity shall have 10 days to produce the information responsive to the subpoena to Plaintiff.  A Defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify the subpoenaed entity so that the subpoenaed entity is on notice not to release that Defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that, to maximize judicial efficiency, the Court will delay ruling on all Doe motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed until the end of the second 60-day period.

**IT IS FURTHER ORDERED** that Plaintiff will file a single opposition to all motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed.  Plaintiff shall have 14 days from the end of the second 45-day period to do so.

**IT IS FURTHER ORDERED** that any Doe who has filed a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, may, if he or she so chooses, file a reply to Plaintiff's opposition within 14 days thereof.

**IT IS FURTHER ORDERED** that Amazon.com and any other recipient of a subpoena pursuant to this Memorandum and Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Amazon.com or any other recipient of a subpoena hereunder elects to charge for the costs of production that entity shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting, investigating, and resolving Plaintiff's rights as set forth in its complaint.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2013.